**Larry Darnell BROOKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8703–CR–313.**

Supreme Court of Indiana.

Aug. 3, 1989.

Diane M. McNeal, Appellate Public Defender, Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, a Class A felony, for which he received a sentence of twenty (20) years.

The facts are: On October 30, 1985 at approximately 10:30 p.m., Napoleon B. Smith, the victim in this case, was approaching a liquor store in Gary, Indiana when he saw appellant standing on a nearby corner. The victim and appellant knew each other because they had been members of the same R.O.T.C. unit in high school in the late 1970s. Following high school, they had seen each other occasionally.

Smith purchased a bottle of wine at the liquor store and had one dollar left. He then joined appellant and the two men walked around the neighborhood. As they approached an alley, appellant offered to show the victim some rings. They stepped into an alley. After Smith examined the rings, appellant told him, "I have something else for you," and pulled a gun out of his jacket and pointed it at Smith. Smith told appellant he had no money and turned to walk away. At that point, appellant shot Smith in the leg, causing him to fall to the ground. Appellant then walked to

Smith and again demanded money. After Smith gave him the bottle of wine and one dollar, appellant left. Smith was able to obtain help from a passerby. He immediately identified appellant as his attacker.

Appellant claims the trial court committed reversible error in denying his motion for a directed verdict. He also claims the verdict was contrary to law and not supported by sufficient evidence in that the State failed to prove each element of the crime charged beyond a reasonable doubt.

Appellant concedes this Court will not reweigh the evidence, citing *McDowell v. State* (1983), Ind., 456 N.E.2d 713. This Court has previously stated that the uncorroborated testimony of a victim is sufficient to sustain a robbery conviction. *Young v. State* (1986), Ind., 493 N.E.2d 455.

Appellant challenges Smith's testimony on three grounds: 1) that he was taking medication and was a patient at a mental health center; 2) the victim had not seen the defendant for ten years; and 3) the alley where the robbery occurred was dark. Each of these circumstances was fully presented to the jury during the trial.

As to Smith's medication, he testified that it had no effect on his memory or his ability to see or hear. He stated that his medication did not impair his ability to recall the robbery. He provided a coherent and orderly narration of the crime and positively identified appellant as his attacker.

As to appellant's claim that Smith had not seen him for ten years, although it had been nearly ten years since the two had served together in the R.O.T.C. unit, Smith testified that they had seen each other occasionally since that time. The only evidence in this record clearly indicates that the two men were well acquainted with each other.

As to appellant's claim that the alley was too dark for Smith to have made a positive identification of him, it is of no value in view of the fact that the men knew each other, that they walked around the neighborhood together immediately prior to the robbery, and walked together into the alley where the robbery occurred.

There is ample evidence in this record to support the verdict of the jury. Thus, the trial court did not err in refusing to direct a verdict.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.